74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael GILLUM, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5142.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1996.
 
 Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Gillum appeals from the order of the United States Court of Federal Claims, No. 95-389C, dismissing his action for failing to state a claim within its jurisdiction. Because we agree that the Court of Federal Claims lacked jurisdiction over Gillum's claim for additional benefits from the Social Services Administration (agency), we affirm.
 
 DISCUSSION
 
 2
 Gillum filed suit in the Court of Federal Claims seeking additional social security survivor benefits from the agency. In particular, Gillum sought $250,000.00 plus interest because the agency allegedly erred when it denied him additional survivor benefits in violation of a "contract agreement" he had with the agency. He also sought review of a decision by the United States District Court for the Eastern District of New York in which the court dismissed Gillum's complaint for failure to exhaust administrative remedies. Gillum v. Social Sec. Admin., No. 90-CV-543 (TCP) (E.D.N.Y. September 19, 1991). On June 16, 1995, the Court of Federal Claims dismissed the claim for lack of jurisdiction based on Marcus v. United States, 909 F.2d 1470, 1471 (Fed.Cir.1990), in which we held that the Court of Federal Claims has no jurisdiction over claims to social security benefits.
 
 
 3
 Jurisdiction being a question of law, we review the issue de novo. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). On appeal, Gillum argues that the decision by the Court of Federal Claims to dismiss his claim violated his due process rights. In addition, he asserts that the court erred in finding no jurisdiction because he properly alleged a claim for breach of an implied contract created under 42 U.S.C. Sec. 402(d). We disagree.
 
 
 4
 The Court of Federal Claims "has no jurisdiction ... over claims to social security benefits, even considering appellant's assertions that he is entitled to relief under the Constitution." Marcus, 909 F.2d at 1471. Any such claim "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. Sec. 405(g) (1988). Moreover, section 405(h) provides that "[n]o findings of fact or decision of the [agency] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. Sec. 405(h). Thus, even if Gillum properly raised a claim for breach of an implied contract under 42 U.S.C. Sec. 402(d), the Court of Federal Claims still lacked jurisdiction. Section 405(g) and (h) establish the district courts, not the Court of Federal Claims, as the exclusive mechanism for obtaining judicial review of an agency decision concerning benefits under 42 U.S.C. Sec. 402(d). We hold that the court did not err when it dismissed Gillum's complaint for failure to state a claim within its jurisdiction.